*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES HARKEN,

        Plaintiff-Appellant,

v

CITY OF LANSING,

        Defendant-Appellee.

UNPUBLISHED
October 09, 2025
3:07 PM

No. 372783
Ingham Circuit Court
LC No. 24-000712-AV

Before: GADOLA, C.J., and MURRAY and YATES, JJ.

PER CURIAM.

Plaintiff James Harken, acting *in propria persona*, appeals as of right the circuit court's order in LC No. 24-000712-AV, dismissing his appeal of another circuit court judge's summary-disposition order, for lack of subject-matter jurisdiction. We affirm.

According to defendant City of Lansing's brief on appeal, plaintiff filed a complaint against it in 2018, assigned LC No. 18-00450-CZ, challenging the actions of defendant's Board of Water and Light.[1] The circuit court apparently granted summary disposition of plaintiff's claims in that case.

Plaintiff then initiated a second action against defendant (LC No. 24-000401-NM), which Judge Wanda M. Stokes of the Ingham Circuit Court summarily disposed of pursuant to MCR 2.116(C)(7) and (8) in an order entered on August 22, 2024. Rather than file a claim of appeal with this Court, plaintiff appealed that order to another judge in the Ingham Circuit Court under LC No. 24-000712-AV, who on September 19, 2024, entered a sua sponte order of dismissal for lack of subject-matter jurisdiction, stating in part:

---

[1] We rely on the parties' appellate briefs for information regarding plaintiff's prior circuit court cases against defendant because those cases are not before us, and we have not been provided the corresponding lower court records.

[Plaintiff's] appeal of right does not involve a district or municipal court's final order or judgment. Nor does it involve an agency's order or decision. Instead, [plaintiff] seeks appellate review of a final order issued by a fellow 30th Circuit Judge. Subchapter 7.200 of the Michigan Court Rules vests the Court of Appeals with jurisdiction of an appeal of right from "[a] final judgment or final order of the circuit court . . . ." MCR 7.203(A)(1). Accordingly, this case is dismissed for lack of subject matter jurisdiction.

It is this order from which plaintiff has appealed to this Court, *not* the August 22, 2024 order summarily disposing of plaintiff's claims against defendant in LC No. 24-000401-NM. Nevertheless, both parties have directed their appellate arguments to the merits of the summary-disposition order, which is not before this Court. Consequently, plaintiff has abandoned any argument that the circuit court erred when it determined it lacked subject-matter jurisdiction over his appeal in LC No. 24-000712-AV. See *Berger v Berger*, 277 Mich App 700, 712; 747 NW2d 336 (2008) ("A party abandons a claim when it fails to make a meaningful argument in support of its position.").

Regardless, the circuit court did not err when it dismissed plaintiff's appeal. As the court reasoned, a circuit court's appellate jurisdiction is governed by MCR 7.103, which grants jurisdiction over an appeal of right to a circuit court from a final judgment or order of a district or municipal court, a final order or decision of an agency governed by the Administrative Procedures Act, MCL 24.201 *et seq.*, and a final order or decision of an agency from which an appeal of right to the circuit court is provided by law, MCR 7.103(A)(1) to (3), none of which apply here. Instead, under MCR 7.203(A)(1), it is this Court which has jurisdiction over an appeal of right from a final order of the circuit court, like the August 22, 2024 summary-disposition order.[2] Accordingly, the circuit court correctly determined that it lacked subject-matter jurisdiction over plaintiff's appeal of a fellow circuit court judge's order granting defendant summary disposition of plaintiff's claims. See *Teddy 23, LLC v Mich Film Office*, 313 Mich App 557, 564; 884 NW2d 799 (2015) ("Subject-matter jurisdiction concerns a court's abstract power to try a case of the kind or character of the one pending and is not dependent on the particular facts of a case. The Michigan Constitution and the Legislature define the class of cases over which courts have subject-matter jurisdiction.") (quotation marks and citation omitted).

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ Christopher P. Yates

---

[2] Although we do not have a copy of the summary-disposition order, in the order appealed from, the circuit court referred to the summary disposition order as a "final order."